UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21536-CV-HOEVELER

**UNITED STATES OF AMERICA,**

    Plaintiff,

**ONE 32' SOLID POWERBOAT VESSEL
REGISTERED AS FL 6055 MR
AND INVENTORY**

    Defendant.

### ORDER

BEFORE the Court is the government's motion to strike Alvaro Morales's July 31, 2009 Verified Claim and Answer. The motion was filed August 5, 2009 and Mr. Morales has not responded. The motion is DENIED, without prejudice.

I.

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provide that a claim may be stricken for failing to comply with the procedural requirements of Rule G(5), the rule requiring the filing of an answer. See Rule G(8)(c)(i)(A). The government correctly points out that Mr. Morales's claim was not "signed by the claimant under penalty of perjury," as required by Rule G(5)(a)(i)(C), but was instead signed and verified by Mr. Morales's attorney.

II.

The law in this area is well established. A district court "may require claimants in forfeiture proceedings to comply strictly with the [Rule G(5)] requirements in presenting claims to the court." United States v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004) (internal quotations and citations omitted). Federal courts in similar circumstances have routinely stricken claims that do not strictly comply with the verification requirement in Rule G(5)(a)(i)(C). See United States v. One Parcel of Real Property Located at 444 Essie Morris Rd, Brownsville Community, 2008 WL 5157878, *1 (M.D. Ala. 2008) (granting motion to strike claim that was not signed by claimant under penalty of perjury); United States v. $11,000.00 in U.S. Funds, 2009 WL 198013, *2 (M.D. Ga. 2009) (defaulting claimant whose claim was unsigned and late). It is not a mere technical requirement, courts have observed, because it requires the claimant to place himself at "risk for perjury for false claims." United States v. 16 Parcels of Real Property, 320 F. Supp. 2d 1307, 1313 (S.D. Fla. 2003), citing United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000).

However, the Eleventh Circuit has also noted that a district court "may exercise its discretion by extending the time for the filing of a verified claim" see United States v. $125,938.62, 370 F.3d at 1329, and there is some precedent in this district for allowing a claimant to correct or amend a defective submission.

See, e.g., United States v. $347,542.00 in U.S. Currency, 2001 WL 335828, *2 (S.D. Fla. 2001) (accepting late claim where claimant "promptly corrected [the] deficiency. . . once the government objected to the form of his original unsworn claim filed through his attorney."). Oddly, Mr. Morales did not attempt to correct the error even after it was raised by the government's motion to dismiss. With some reluctance, the Court will nevertheless allow Mr. Morales to file an amended claim that complies with the requirements of the Supplemental Rules within seven (7) calendar days from the date of this order. Failure to do so will result in granting the government's motion to strike without further notice.

DONE AND ORDERED in Miami, Florida, September 16th, 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE